WILLIAM DEAN ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Witnesses. Impeachment. Cross-examination. Evidence.*

    A defendant should be permitted, on cross-examination. to ask any question the answer to which may tend to show bias, interest or corruption on the part of the witness.

2. SAME. *Impeaching witness. Entire statement.* .

    An impeaching witness should be permitted to state the entire declaration made to him by the witness sought to be impeached, proper predicate having been laid, rather than a part of it, where all of it has a tendency to show interest, bias or corruption on the part of the declarant, or renders intelligible the part which does so.

FROM the circuit court of Pike county.

HON. JEFFERSON TRULY, Judge.

William and Jackson Dean, appellants, were indicted, tried, and convicted of crime in the court below, and appealed to the supreme court. The opinion of the court fully states the case.

*Price & Webb,* for appellants.

It was sought to be shown by Mrs. Williams, who was the prosecutrix in the case, on cross-examination, that her son, James Williams, was under indictment in Marion county, for burning the defendant Dean's house, and that she had said, if Dean would act a gentleman with her in Marion county in reference to her son's case, she would act a lady with him in Pike county, but if he did not she would be damned if she did not send him to the penitentiary in three weeks. The witness denied the statement, and defendants were forbidden to prove that she had made any part of it except its concluding portion. The entire statement shows a most powerful motive on the part of Mrs. Williams to prosecute Dean, as he claims wilfully and maliciously, especially as she testified most positively that she

and all her family were on the best of terms with the defendants, as thereby she can perhaps get Dean to refuse to prosecute her son in Marion county. Then, upon Dean's refusing to drop the Marion county matter, she at once proceeded against him in Pike county with the sole intention and purpose of bringing him to terms, or of sending him to the penitentiary or be damned in the attempt. Certainly we think no more powerful motive could be shown for a false and malicious prosecution, and we submit that manifest injustice was done the defendants by excluding this evidence.

*Monroe McClurg,* attorney-general, for appellee.

The court properly declined to admit hearsay testimony, and refused to let a witness be impeached upon an immaterial matter.

TERRAL, J., delivered the opinion of the court.

William and Jackson Dean were jointly indicted and tried for using profane, vulgar, and indecent language in the yard of the dwelling house of Ransom Williams, and in the presence and hearing of his family. Mrs. Williams, the principal witness for the state, testified to facts strongly tending to criminate the defendants; and upon the cross-examination she was asked whether she had or had not, at a time and place given, stated to Albert Ratcliff that "if Mr. Dean would act a gentleman with you in Marion county about your son's case, that you would act a lady with him in Pike county about his case, and that if he didn't do so that you would be damned if you didn't send him to the penitentiary in three weeks," to which she answered that she had not made such statement to Ratcliff. Ratcliff was put upon the stand to prove the making of such statement, and the question was propounded to him whether Mrs. Williams had made such statement at the time and place given. Upon objection the court excluded the first part of the statement, and all of it except the concluding part, to wit: "I'll be damned if I don't send him to the pen in three weeks."

Exception was made to this ruling of the court. We regard it as well settled that a defendant, on cross-examination, may ask the witness any question, the answer to which may tend to show bias, interest, or corruption on the part of the witness. And, in law, corruption is evidenced by any fact which tells against his trustworthiness, and bias is shown by any partiality or prejudice for one side or party.

1. We think the witness, Ratcliff, should have been allowed to give the entire statement of Mrs. Williams to him, as it certainly tends to cast some discredit upon her as a witness. To what degree was for the consideration and judgment of the jury. 1 Greenl. Ev. (16th ed.), secs. 446, 450, 450*a*. Mrs. Williams herself thought that such a statement, if it had been made by her, would be a matter of reproach; for, in answering the latter part of the question, she said: "No, sir; I am, honestly, lied on." The predicate laid in the question to Mrs. Williams is one entire matter, and is somewhat unintelligible unless put and answered in its entirety. The exclusion of the first part of it at least greatly lessened the force of the impeachment sought to be made. We think the learned judge should have permitted the witness, Ratcliff, to answer the impeaching question in full.

2. We think the court properly excluded what James Williams, who was not a witness in the case, may have said in reference to the disturbance at the house of Ransom Williams, as it was plainly hearsay.

For the error first pointed out, the judgment is reversed as to both parties, and the case is remanded for a new trial.

*Reversed and remanded.*