## SAMUEL MACKMASTERS *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Homicide. Witness. Credulity. Cross-examination.*

When the brother of the defendant in a murder case is a material state's witness, he may be asked, on cross-examination, if he is at enmity with defendant and whether he had not armed himself on various occasions to kill defendant.

2. SAME. *Threats. Evidence. Remoteness.*

In a murder trial, evidence of threats and threatening demonstrations by the accused against the deceased, his father, four or five years before the homicide is inadmissible, as too remote.

3. SAME. *Impeachment of female witness. Bastard children.*

In a murder trial, where the wife of the defendant was a witness for him, it was error for the court to allow the state to prove by her, on cross-examination, that she was the mother of children born out of wedlock.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Mackmasters, appellant, was indicted and tried for the murder, October 27, 1901, of his own father, Uriah Mackmasters, he was convicted of manslaughter, and appealed to the supreme court. . The facts upon which the decision turned are sufficiently apparent from the opinion of the court.

*L. E. Sawyer* and *E.· S. Candler*, for appellant.

*William Williams*, assistant attorney general, for appellee.

Argued orally by *E. S. Candler, Jr.*, for appellant, and by *William Williams*, assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court. .

Appellant was indicted for the murder of his own father, and convicted of manslaughter. He was sentenced to imprisonment for forty years, which is practically equivalent to conviction of murder with direction of the jury to imprison him for life. Whether the homicide was mansluaghter or justifiable in self-defense is, in our view of the record, a close question on the testimony of the witnesses and on the physical facts. The jury determined it to be manslaughter, and their conclusion would not be disturbed without error of law. But the mere fact that the question of guilt is so close, and the penalty so grave, make it quite important that the trial should be free from serious error of law.

If general violence of demeanor and vindictiveness of disposition authorized conviction of felonious homicide, it appears from this record that the deceased in his lifetime was, and the accused and others of the family are, in continual jeopardy. David Mackmasters, brother of the defendant, was produced by the state as a witness against him. He was asked on cross-examination whether he was not, up to the then present time, at deadly enmity with accused, and at various times carried a

gun to shoot him.    We think this question called for answer
to show the animus of the witness as affecting his credibility.

Defendant's objection to a question by the state on the
cross-examination of his witness, Joseph Marlow, Sr., as to
threats and threatening demonstrations by accused about and
to deceased four or five years before the trial should have been
sustained, we think, as too remote.    The wife of defendant,
Mrs. Nancy Mackmasters, was an important witness for him,
and we think it was error to permit the district attorney to de-
velop to the jury, in cross-examining her, that she was the
mother of two children not born in wedlock.    This had no
relevancy to the issue, and was too heavy a load to put on de-
fendant before an average jury in so grave a trial.

*Reversed and remanded.*