A. P. MAGNESS v. STATE.

[63 South. 352—60 South. 8.]

1. WITNESSES. *Impeachment of one's own witness. Examination. Cross-
     examination. Denial.*
     The capacity of a witness to give correct testimony, his mental
     attitude or feeling, his bias, hostility, or interest relative to the
     matter in issue, are matters proper for the jury to take into
     consideration in determining how far the witness may be be-
     lieved, and not collateral to the issue within the rule, that the
     cross-examining party is bound by the statements of the witness
     and cannot impeach him.

2. Witnesses. *Cross-examination. Impeachment. Collateral matter.*
  The test of whether a matter inquired into on cross-examination
  is collateral within the rule forbidding its contradiction, is, would
  the cross-examining party be entitled to prove it as a part of
  his case.

3. Witnesses. *Impeachment. Cross-examination.*
  Before a witness can be impeached by contradictory statements
  made at other times, he must be given an opportunity to admit
  or deny them.

4. Same.
  Where a witness refuses to either admit or deny the making of
  contradictory statements, such statements may be proven to im-
  peach him.

Appeal from the circuit court of Attala county.
Hon. J. A. Teat, Judge.

A. P. Magness was convicted of homicide and appeals.
The facts are fully stated in the opinion of the court.

*Hill & McBee, Luckett & Guyton* and *J. T. Dunn,* at-
torneys for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the
state.

Smith, C. J., delivered the opinion of the court.

We find no reversible error in this record, and deem it
necessary to notice specifically only one of the matters
assigned for error.

One Reagan, an eyewitness to the homicide, testified in
behalf of appellant to facts showing that appellant acted
in self-defense in killing Gillon. On cross-examination he
was asked if he did not appear before the grand jury
which indicted appellant, and make a statement substan-
tially in accordance with that of the state's witnesses.
It then developed that he had appeared before the grand
jury twice, testifying the first time to facts exonerating,
and the second time to facts incriminating appellant. He
explained these contradictory statements by saying that

he was intimidated into making the second. Among the numerous questions then asked him were, if he did not make the first statement before the grand jury because Magness had told him to do so, and if he had not told the grand jury on his second appearance before it that he made the first statement because Magness told him to do so. The first question he answered in the negative, and to the second he answered that he did not remember.

The state, in rebuttal, over the objection of appellant, was permitted to introduce evidence that when before the grand jury the second time Reagan did make the statement inquired about.

The ground of appellant's objection is that Reagan's statement, conceding that he in fact made it that he testified as he did when first before the grand jury for the reason that Magness told him to do so has no relevancy to Magness' guilt or innocence of the crime charged, was therefore collateral to the issue being tried, and consequently the state was bound by Reagan's testimony relative thereto.

The capacity of a witness to give correct testimony, his mental attitude or feeling, his bias, hostility, or interest relative to the matter in issue are matters proper for the jury to take into consideration in determining how far the witness may be believed, and are not collateral to the issue within the rule invoked by appellant.

The statement attributed to Reagan, if made, tended to impair his credibility and weaken the effect of his testimony. If he was testifying as he did simply because he was requested to do so, his testimony ought, of course, to have been disregarded by the jury, and certainly his own admission was competent evidence to establish that fact. That the admission related to his testimony before the grand jury, and not to that given on the trial then in progress, is immaterial, for it bore the same relation to his credibility in the one case as in the other.

If we apply the usual test of whether a matter inquired into on cross-examination is collateral within the rule forbidding its contradiction, which is, "Would the cross-examining party be entitled to prove it as a part of his case?" the same result will be reached. It was, of course, competent for the state to prove, in order to discredit the witness, that he was testifying as he did simply because he was requested so to do. This fact could be proven, either by the evidence of parties having knowledge of the request, or by the admission of the witness himself. It is true that, before such an admission of the witness can be introduced in evidence, he must be given an opportunity to admit or deny it. This witness was given such an opportunity, and, while he did not deny making this statement, he would not admit it, and the rule is that evidence of contradictory statements of the character here under consideration may be given in evidence unless the witness alleged to have made them expressly admits having done so. See *Newcomb* v. *State,* 37 Miss. 401; *Dean* v. *State,* 78 Miss. 360, 29 So. 95; *Williams* v. *State,* 73 Miss. 820, 19 So. 826; *Garner* v. *State,* 76 Miss. 515, 25 So. 363; *Attorney-General* v. *Hitchcock,* First Exchequer Repts. 90; *State* v. *Patterson,* 24 N. C. 346, 38 Am. Dec. 699; *Collins* v. *Stephenson,* 8 Gray (Mass.) 438; *McGinnis* v. *Grant,* 42 Conn. 77; 7 Enc. of Evidence, pp. 76 to 86, inclusive; 1 Wharton's Criminal Evidence, section 485; Greenleaf on Evidence (16 Ed.), section 461e; 2 Wigmore on Evidence, section 959; 30 Enc. Law, 1102.

*Affirmed.*