GRANT PERRY v. STATE.

[64 South. 466.]

WITNESSES. *Impeachment. Bias.*

  In a prosecution for the unlawful sale of intoxicating liquors, it
    was error for the court to refuse to allow the defendant to show
    that the state witness had been arrested and confined in jail for
    selling the same liquor defendant was charged with selling, and
    had been released in consideration of his testimony against de-
    fendant.

APPEAL from the circuit court of Bolivar county.

HON. DAN BREWER, Special Judge.

Grant Perry was convicted of the unlawful sale of in-
toxicating liquor, and appeals.

The facts are fully stated in the opinion of the court.

*Fountaine Jones,* attorney for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the
state.

COOK, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charg-
ing him with the unlawful sale of intoxicating liquors.
The witness for the state, it seems, was arrested and
confined in jail for the selling of the same liquor appel-
lant was being tried for selling, and was released in con-
sideration of his testimony against appellant, or more
properly speaking, this was the theory of appellant. The
trial court upon the objections of the district attorney,
would not permit this line of investigation.

The learned attorney-general contends that the ques-
tions propounded by appellant's counsel were not framed
so as to develop this theory. This criticism of the ques-
tions actually propounded may be technically sound, but

the record shows that the learned trial judge was looking forward as well as backward. The court, after a number of questions which we think might have developed the theory that the witness was interested, said·this: ''The court tries to anticipate all objections and has his mind fixed on all objections. I say this with every possible respect to counsel and bar. I do that for this one purpose: To apply the rules of evidence to the testimony as it comes along, that I can rule, and rule promptly, and save time.'' It thus appears that appellant was not permitted to ask questions tending to develop answers which would have authorized the jury to discredit the testimony of the state's witness.

*Reversed and remanded.*