## ROUSE v. STATE.

[65 South. 501.]

WITNESSES. *Cross-examination. Bias or interest.*
>   It is elementary law that a witness may be examined as to his
>   bias or interest in the case in which he is testifying and where
>   a witness for the state on trial for the unlawful sale of liquor,
>   testifies that he had a little interest in the case and had been
>   indicted for selling whiskey it was reversible error to exclude
>   on cross-examination a question whether he had an understanding
>   that if he would testify against the accused he would not be
>   prosecuted.

APPEAL from the circuit court of Harrison county.

HON. J. I. BALLENGER, Judge.

W. Rouse was convicted of unlawful retailing, and appeals.

The facts are fully stated in the opinion of the court.

*E. A. McCoy* and *J. L. Taylor,* for appellant.

The record shows that the only witness giving testimony that would have any bearing on the case at all, was Edward Saucier, and his testimony is not positive. He did not know how much he paid for the whiskey, and stated that nobody was present when he bought it, and was not positive, but thought he got it from his barn, and on being asked the question "Had you ever bought any from him before that time," answered, "I think I might have bought it once before," but did not remember and would not say; and so his testimony was not positive on direct examination; on his cross-examination he admitted that he had "a little interest," and on being asked what was that interest, answered "the grand jury last year found a bill against me for selling whisky, and I turned it up that I got whisky from Mr. Rouse." It

further appeared that his interest consisted in trying to get himself out of trouble.

The court sustained an objection to the question whether or not there was an understanding, if Saucier would testify against Rouse, that he (Saucier) would not be prosecuted any further; and we submit, on cross-examination, the defendant had a right to search the witness, and to know what interest he had in testifying, as it did appear from his testimony that he had an interest, and as to whether or not he was promised immunity if he would testify, so that the jury might have known what manner of man was giving testimony and his interest in the matter, as it must have been that they found the defendant guilty on the testimony of Saucier alone, for other witnesses knew nothing of the alleged sale of intoxicating liquor, as will appear from their testimony.

*Ross A. Collins* and *E. H. Green,* for appellee.

The law of the case was correctly given in the instructions for the state and the defendant. There was no objection to any of the testimony offered by the state and all the testimony for the defendant was admitted. There was a conflict of evidence as to the guilt of the defendant and upon this issue of facts the jury found the defendant guilty as charged and the sentence of the court was very lenient. Upon an issue of fact, where the law of the case is correctly and properly given, the jury is better able to reach a just verdict than an appellate court which can only draw its conclusions from the printed record.

From the testimony disclosed in this record there can be no doubt of the guilt of this appellant and I, therefore, submit that the case should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant was convicted on a charge of selling intoxicating liquors. The only witness for the state testifying

to the sale of liquor was one Edward Saucier. This witness said he had a "little interest" in the case, and in response to the question, "What did that consist of?" he replied, "The grand jury last year found a bill against me for selling whisky, and I turned it up that I got the whisky from Mr. Rouse." Counsel for defendant asked the witness this question, "Haven't you an understanding, if you will testify against Mr. Rouse, you will not be prosecuted?" To this question the district attorney objected, and the court sustained the objection and would not permit the witness to answer.

It is elementary law that a witness may be examined as to his bias or interest in the case in which he is testifying. It was certainly pertinent to inquire into the motives of the witness for the state, especially as the defendant testifying denied that he had sold whisky to the state's witness. It does not appear upon what grounds the objection to the question was based—merely an objection to the question and a ruling of the court sustaining same.

The court erred in its ruling, whatever may have been its reasons for same, and the case will be reversed and remanded.

*Reversed and remanded.*