476 So.2d 26 (1985)
Johnny HALL
v.
STATE of Mississippi.
No. 55716.
Supreme Court of Mississippi.
September 18, 1985.
*27 Randolph Walker, Walker & Turner, West Point, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
On October 5, 1983, the Mid-City Branch of the Merchants & Farmers Bank (M & F) in Columbus was robbed by two black males. The robbers escaped with $27,240, some of which was "bait money", the serial numbers having been recorded by the bank. Five days later a woman named Elizabeth Hughes deposited some of the bait money in her account at the main office of M & F. The police went to her house later that day and arrested her for armed robbery. She gave the officers permission to search the premises, whereupon some $4,000 of the stolen money was found. Subsequently, Elizabeth Hughes told the police she had gotten the money from Johnny Hall, a local clergyman, and that she had seen a considerable quantity of money in the back of Hall's car. She said that Hall, when questioned about the money, had warned her not to be so inquisitive. The next morning the police went to Hall's house and arrested him. Hall refused to consent to a search of his house, but he did allow a search of the adjacent church. This search yielded nothing, as did a warranted search of his automobile.
A justice court judge issued a warrant for the search of the house. The search uncovered $5,015 of the stolen currency, most of it still bearing M & F bank straps.
The Lowndes County Grand Jury indicted Hall for armed robbery, along with Tommy Brown (still at large as of the trial date) and Dennis Smart, the brother of Elizabeth Hughes. All charges against Hughes were dropped. At trial, Hall neither took the stand nor called any witnesses in his own behalf. Dennis Smart testified that Hall had planned the robbery, making his car available to hide the guns and loot. Elizabeth Hughes testified that Hall had conferred with Smart after the robbery, and that she had received some currency from him and seen more in the back seat of his car. At the time of trial, criminal charges were apparently pending against Smart for burglary and cattle rustling; Elizabeth Hughes had also been indicted for larceny and burglary. When counsel for Hall attempted to inquire about these charges, the state objected to it as improper impeachment, and the trial judge forbade this line of questioning. At the close of the trial the jury found Hall guilty as charged, and he was sentenced to fifteen years imprisonment. His appeal is now before us.
Hall argues that by refusing to allow inquiry into the criminal charges pending against the state's witnesses, the trial court virtually disabled him from cross-examining them effectively.
It is sometimes said that in Mississippi, criminal charges can be used to impeach witnesses only if they have resulted in convictions. Some of our cases contain dicta seemingly supportive of this view. In this form, however, the argument may be overstated. Mississippi Code Annotated, Section 13-1-13 (1972), provides in pertinent part that "[a]ny witness may be examined *28 touching his interest in the cause or his conviction of any crime... ." We emphasize the disjunctive here because we feel a duty to keep the second half of the rule from swallowing up the first.
Close examination of the cases containing the "convictions only" language reveals that some were civil cases, e.g., Statham v. Blaine, 234 Miss. 649, 108 So.2d 213 (1959); and Mars v. Hendon, 178 Miss. 157, 171 So. 880 (1937), where the defendant is accorded a lesser degree of protection than in a criminal case. For example, in Turberville v. State, 179 So. 340 (Miss. 1938), such impeachment was held improper, but there the witness was appearing for the criminal defendant. In Barlow v. State, 233 So.2d 829 (Miss. 1970), we disallowed questioning concerning grand jury investigations about the witness, but those investigations were past, not pending. In Haralson v. State, 314 So.2d 722 (Miss. 1975), we upheld the trial court's decision to exclude questioning about criminal charges. But in that case, it is apparent from the opinion that the attorney was inquiring about the details of the alleged crimes. This Court correctly observed that such questioning might infringe the defendant's Fifth Amendment privilege against self-incrimination. The mere admission that charges were pending (which is all that was sought in the present case) could not have that effect.
We think the case sub judice bears a closer resemblance to a pair of criminal cases in which such questioning was allowed for purposes of showing motivation to testify. Rouse v. State, 107 Miss. 427, 65 So. 501 (1914); Perry v. State, 106 Miss. 693, 64 So. 466 (1914). The state seeks to distinguish Perry and Rouse by pointing out that in those cases, the existence of an immunity/leniency agreement with the witnesses had been definitely established. Appellee seems not to grasp the implications of this argument. If it was permissible to allow such probing where motivation to testify against the defendant was already known, then there is all the more reason to allow it where such motivation, though not yet established, may be strongly suspected.
The circumstances of this case strongly support the admission of such evidence. The state relied heavily on the testimony of Smart and Hughes. Smart and Hughes were brother and sister, and may have colluded. Smart was charged with the same crime as Hall. Both Smart and Hughes had criminal charges pending against them at the time of the trial. Although there was no evidence of a bargain, they might well have believed that their testimony in Hall's case could somehow affect the disposition of their own. It would be naive to suppose that the absence of a formal agreement with the prosecution precluded such an expectation. Smart and Hughes had an "interest in the cause" (to use the statutory language), and fuller inquiry into it should have been allowed. We believe that the trial judge's decision on this point prevented Hall from presenting his defense effectively, and thus deprived him of a fair trial. Accordingly, this case must be reversed and remanded for a new trial.
The other assignments of error have no merit.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.