512 So.2d 883 (1987)
Winford Dean HILL
v.
STATE of Mississippi.
No. 57019.
Supreme Court of Mississippi.
September 2, 1987.
T. Victor Bishop, Brown & Bishop, Fulton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
Winford Dean Hill was convicted in the Circuit Court of Union County of attempted grand larceny and sentenced to five years' imprisonment. Although we find the evidence more than sufficient to sustain a verdict, we reverse because of the trial court's improper limitation of the defendant's right to testify and to cross-examine and impeach certain witnesses.
On December 15, 1984, at about 6 o'clock p.m., two men attempted to steal a 1984 Chevrolet pick-up truck from the parking lot of the Big Star Grocery Market in New Albany, MS. One of the men, positively identified as Tony Wood, forced open the locked door of the truck and was inside attempting to start the ignition when the owner of the vehicle, Lamar Turner, approached. Turner chased Wood to a waiting 1979 White Thunderbird automobile. Turner could not positively identify the *884 driver of the car, but did give a general description which matched the appellant.
As the two men sped away, Turner was able to record the tag number which was traced to a 1979 White Thunderbird owned by the appellant. The appellant was arrested a day or so after the incident and Wood was arrested four to eight weeks later.
At trial, Tony Wood, who had charges pending against him in Union County as well as several other counties, testified on behalf of the state implicating himself and Hill.
Barbara McCauley (Wood's girlfriend) and Regina Pennington (a friend of McCauley's) both testified that they saw Wood and Hill about 7:00 p.m. on the evening in question and they heard Hill make certain incriminating statements. Both went forward to the police at Wood's request.
Hill, who had recently been released from prison on similar charges, denied any participation in the attempted theft. He testified that he loaned his car to Wood and had no knowledge of the incident whatsoever.
Appellant alleges several instances wherein he was prevented from effectively cross-examining certain witnesses regarding their possible bias and interest in the appellant's prosecution. First, appellant sought to cross examine co-indictee Tony Wood concerning his interest and bias in the case by showing threats by Wood against appellant's other witnesses.
During cross examination the following exchange took place:
Q. You made any threats against anybody?
A. No, sir, I have not.
Q. Have you made any threats about any witnesses of Dean Hill to be here today to testify?
A. No, sir. I wish they were here.
Q. All right. Have you threatened a lady by the name of Judith Wilson?
A. No, sir.
Q. Did you threaten a lady by the name of Sheena Wilson?
A. No, sir.
Q. That if Judith came to testify you'd burn her house?
MR. GREGORY: Object, Your Honor.
THE COURT: Sustained.
MR. GREGORY: Ask the Jury be instructed to ...
THE COURT: Ladies and gentlemen of the Jury, disregard it.
This Court has held that a witness on cross examination may be interrogated regarding his interest, bias or prejudice in a case. Hardy v. State, 143 Miss. 352, 108 So. 727 (1926). The same is provided in Mississippi Code Annotated § 13-1-13 (1972):
Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence. A witness shall not be excused from answering any material and relevant question, unless the answer would expose him to criminal prosecution or penalty.
Accordingly, the appellant should have been allowed to question the witness regarding acts evidencing Wood's bias in the case. [We note in citing MCA § 13-1-13 that this case was heard in July 1985, prior to the January 1, 1986, adopting of the Mississippi Rules of Evidence.]
Secondly, appellant claims he was prevented from questioning Wood regarding any possible promises of leniency from the prosecution in return for his testimony. The following exchange was had during cross examination of Wood.
A. I ain't been promised anything.
Q. You hadn't been promised anything. You're not on trial here today, are you?
A. I can't be. I'm up here with him.
Q. All right.
MR. GREGORY: Your Honor, we object to this ...
THE COURT: All right.
MR. GREGORY: ... continued asking the same questions over and over. He knows he shouldn't be doing it.

*885 THE COURT: Sustained.
MR. GREGORY: Ask the Jury be instructed to disregard it.
Q. (By Mr. Bishop) Whether you've been promised anything or not, you're waiting on the outcome of this case to see what happens to you. Right?
A. I'm not waiting on anything. I haven't been promised anything. I told you that, sir.
Q. Well, what are you waiting on?
A. I don't know.
Q. Are you going to go to trial, if you know?
A. I don't know. I figure I will.
Q. Has your trial been set?
A. I don't know that.
MR. GREGORY: We object to this, Your Honor.
THE COURT: All right. Sustained.
Q. (By Mr. Bishop) Are you going to defend your case?
A. Am I going to defend mine?
MR. GREGORY: we'd object to this, Your Honor.
THE COURT: All right. Sustained.
Q. (Mr. Bishop) Are you gon' plead guilty?
MR. GREGORY: We object to this.
A. I don't know what I'm going to do, sir.
THE COURT: Sustained.
Q. (Mr. Bishop) You don't know what you're going to do?
A. Hadn't made my mind up.
Q. Does it depend on anything?
A. I don't know, sir.
Inquiry into possible promises of leniency by the state and the disposition of criminal charges pending against the state's witnesses are proper areas for interrogation. Hall v. State, 476 So.2d 26 (Miss. 1985) (defendant entitled to question witness to determine whether possible motives or promises exist); Fuselier v. State, 468 So.2d 45 (Miss. 1985) (defense entitled to present evidence of agreement to jury where such would tend to impeach or show bias in the testimony of the witness).
In Hall, supra, this Court stated:
Both Smart and Hughes had criminal charges pending against them at the time of the trial. Although there was no evidence of a bargain, they might well have believed that their testimony in Hall's case could somehow affect the disposition of their own. It would be naive to suppose that the absence of a formal agreement with the prosecution precluded such an expectation. Smart and Hughes had an "interest in the cause" (to use the statutory language), and fuller inquiry into it should have been allowed. 476 So.2d at 28.
The names are different but the facts are the same. The state relied heavily on the testimony of Wood who had other criminal charges pending against him at the time of the trial. As in Hall, further inquiry should have been permitted.
Appellant also sought to question Wood's motives for soliciting the testimony of witnesses McCauley and Pennington against the appellant. Again, we repeat that a witness may be questioned regarding his bias or interest in the disposition of the case.
The appellant subsequently called the witness Sheena Wilson through whom he sought to impeach Wood's denial of threats against potential witnesses for the defense. The trial court, after hearing a proffer of her testimony, refused to admit the testimony on the basis that a proper predicate had not been laid for impeachment.
The witness was asked if he threatened Judith Wilson and he denied it. Sheena Wilson's testimony was then admissible for purposes of impeachment. Moreover, we note that the court sustained objections during Wood's questioning which for all practical purposes, prevented the laying of a full and proper predicate. This was error.
Appellant cites approximately fifteen instances where the court sustained objections raised by the prosecution. Suffice it to say, a substantial number of these objections *886 unduly limited appellant in his attempt to deny the charges against him.
We find the errors outlined above establish sufficient basis for reversal.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.