SOUTHWICK, P.J.,
for the Court:
¶ 1. Frank Howard was convicted by a Tate County Circuit Court jury of murder and aggravated assault. On appeal, Howard alleges that a directed verdict, a judgment notwithstanding the verdict, or at least a new trial should have been granted. He also argues that he should have been permitted to examine a co-indictee as to his hatred of the murder victim. We find no error and affirm.
FACTS
¶ 2. In the early morning hours of March 3, 1996, Christopher Slater drove Frank Howard and two others north along Highway 51 from Senatobia to Coldwater in Tate County. They were following another vehicle driven by the soon-to-be victim, Chester Newson. Slater passed New-son’s vehicle, then immediately turned around on the highway and forced Newson to stop in order to avoid a collision. Slater then pulled his car parallel to Newson’s vehicle. He and Howard began firing shots into Newson’s vehicle. Newson was struck in the head by a single bullet and died later that day. Newson’s passenger, Erica Hollins, was unharmed.
¶ 3. Prior to Howard’s trial, Slater was convicted of Newson’s murder. In a separate trial Howard was convicted of the murder and also of the aggravated assault of the passenger, Erica Hollins. Howard’s appeal has been deflected to this Court.
DISCUSSION

1. A directed, verdict or judgment notwithstanding the verdict

¶ 4. Howard’s first argument is that the evidence was insufficient to sustain a conviction for either aggravated assault or murder. Howard moved initially for a directed verdict, then after the jury found guilt, moved for a judgment non obstante veredicto. In assessing that argument, we view the evidence in the light most favorable to the State and also accept all reasonable evidentiary inferences supporting the verdict. Barnwell v. State, 567 So.2d 215, 217 (Miss.1990). We also examine the evidence at the last time that a motion attacking its sufficiency was made. Wetz v. State, 503 So.2d 803, 807-08 n. 3 (Miss.1987). Here, that was the post-trial motion for a JNOV.
¶ 5. Aggravated assault has the following elements:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to anoth *1190 er with a deadly weapon or other means likely to produce death or serious bodily harm.
Miss.Code Ann. § 97-3-7(2) (Rev.1994). In Howard’s view, the evidence fails since the passenger and victim of the aggravated assault, Erica Hollins, never saw her assailant. The evidence revealed that when the shooting commenced, Hollins immediately crouched down in the front seat of the victim’s car. The only person whom she saw shooting that evening was the driver of the vehicle that blocked Newson’s travel, Christopher Slater.
¶ 6. That was not the only evidence though. Another passenger in the Slater-Howard vehicle was Lawanda Ruffin. She established that Howard fired after Slater finished shooting. Ruffin further testified that on the evening of the murder, three guns were present in the car. One was a revolver, another a .380, and the final one was a weapon that she was unable to identify. Ruffin swore that Howard was standing on the inside rail of the opened car door as he was firing.
¶ 7. Similarly, Howard attacks the sufficiency of the evidence that he was guilty of Newson’s murder. It is true that the State failed to prove that Howard fired the fatal shot. The evidence at trial clearly established that both Howard and Slater fired repeatedly at Newson’s vehicle. Regardless of the dispute as to who fired the fatal shot, both men were acting in concert at the time Newson was killed. When “two or more persons act in concert to accomplish the commission of a crime, the act of one is the act of all; that is to say, one aiding and abetting in the commission of a crime is chargeable as a principal, and the acts of other principals are considered to be his acts.... ” Gilmer v. State, 271 So.2d 738, 740 (Miss.1973). Even assuming that Slater fired the fatal shot, Howard was present and participating in the commission of the crime. An aider and abettor instruction was given, which was supported by evidence that Howard aided or encouraged Slater in addition to firing his own weapon. Gleeton v. State, 716 So.2d 1083, 1088 (Miss.1998).
¶ 8. Additional evidence that two weapons were being fired was that two different sizes of bullet holes were found in New-son’s vehicle. Slater testified that he told a sheriffs deputy that both he and Howard shot at the Newson’s vehicle.
¶ 9. There was sufficient evidence to deny the motion for a JNOV.
£ Motion for a new trial.
¶ 10. It is the function of the jury to weigh the evidence and to determine the credibility of witnesses. An appellate court may not substitute its judgment for that of the jurors. We have already reviewed the evidence. A new trial should be granted “only where [the trial judge] is convinced that the verdict is contrary to the substantial weight of the evidence.” Barnwell v. State, 567 So.2d 215, 218 (Miss.1990). The substantial weight of the evidence actually was of guilt, not of innocence. There was no abuse of discretion in denying the motion.

3. Cross-examination of witness as to bias, interest, and'prejudice

¶ 11. Howard argues that the trial judge committed reversible error when he blocked the cross-examination of co-indict-ee Slater as to his bias against the murder victim Newson. Howard’s attorney asked Slater if he had been involved in an altercation with Newson prior to the date of the shooting. The prosecutor immediately objected. A hearing was conducted outside the presence of the jury. The trial judge posed several questions to Slater, establishing that an altercation did in fact take place at a dance shortly before Valentine’s Day 1996. The trial court agreed that this was irrelevant to the events on the night of the murder and denied the line of questioning.
¶ 12. A witness generally may be questioned regarding his interest, bias, *1191 or prejudice. “[Tjhere are several ways to impeach a witness’ credibility including the showing of bias or prejudice of the witness .... as long as the impeaching material is relevant to the issue at hand.” Johnson v. State, 655 So.2d 37, 41 (Miss.1995). On the other hand, it is “error to allow a witness to be contradicted on an immaterial (or collateral) matter.” Id.
¶ 13. One representative precedent upon which Howard relies is Hill v. State, 512 So.2d 883 (Miss.1987). In Hill, the defendant was convicted of grand larceny. The supreme court reversed on the ground that Hill was not permitted to cross-examine a co-indictee by showing that the co-indictee made threats against Hill’s other witnesses. Id..at 884. Possible promises of leniency by the prosecution had also been ruled improper subjects for examination. Id. at 883. These matters were obviously not collateral to the credibility of the testimony at trial.
¶ 14, Here, whether Slater wanted, to kill Newson was collateral to the issue of whether Howard also was firing into New-son’s vehicle. The evidence was not of bias or prejudice of the witness Slater that might affect his testimony, but was of animosity between Slater and the deceased victim that arguably explained the reason for the encounter on the highway. But Slater had already been convicted of New-son’s murder, and the jury knew that. Had Slater’s testimony been that Howard alone was firing at Newson, the evidence of ill will between the victim and Slater might no longer have been collateral. Such was not the case. The certainty that Slater was shooting at Newson was well-understood by the jury. The issue at hand was whether Howard also was doing so.
¶ 15. The testimony sought to be introduced by Howard in this case concerned a collateral matter.
¶ 16. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I, MURDER, AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND ON COUNT II, AGGRAVATED ASSAULT, AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE FOR COUNT II SUSPENDED PENDING FUTURE GOOD BEHAVIOR AND TO RUN CONSECUTIVELY WITH THE SENTENCE IN COUNT I, IS AFFIRMED. ALL COSTS ARE ASSESSED TO TATE COUNTY.
McMILLIN, C.J., KING, P.J., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
BRIDGES, J., NOT PARTICIPATING.