McMILLIN, C.J.,
for the Court.
¶ 1. Rick Lamar Griffin was convicted on two counts of simple assault on a law enforcement officer. The indictment arose out of an incident that occurred while Griffin was confined as a prisoner in the Newton County Jail. Griffin concedes that there is no appealable issue relating to his conviction on one count, but appeals the conviction on the remaining count on the basis that the State failed to prove that his action in striking one of the officers was willful and intentional as charged in the indictment. We find no merit in Griffin’s contentions and affirm his conviction.
I.
Facts
¶ 2. Griffin, while a prisoner confined in the Newton County Jail, appeared to have become agitated over some grievance regarding the nature of his confinement. He took a mop and used the handle to begin breaking light bulbs and the glass panels out of some of the doors. The jailer summoned the assistance of two deputy sheriffs. After Griffin refused their demands that he surrender the mop, the deputies proceeded to physically subdue him. In the course of the ensuing altercation, Griffin struck one deputy a violent blow on the shoulder with the mop handle. After the mop had been forced from Griffin’s possession, he struck the other deputy a blow to the rib cage with his fist that was of sufficient severity to crack one of the deputy’s ribs.
¶ 3. Griffin was indicted for simple assault as to both officers. He does not contest his conviction for striking one deputy with the mop handle in this appeal. However, he contends that the blow to the other deputy’s rib cage was delivered after or contemporaneously with his being sprayed with mace in an attempt to subdue him and that it was as equally plausible to conclude that the blow was delivered as an involuntary reaction to being sprayed with mace as it was that he struck the blow intentionally. On that basis, he argues that the State failed to show the necessary intent that is an essential element of the crime as charged.
II.
Discussion
¶ 4. Assault is not a crime requiring proof of specific intent; that is, the State need not prove that the defendant had formed the specific purpose of inflicting bodily injury on his victim in order to convict. McGowan v. State, 541 So.2d 1027, 1029 (Miss.1989). Rather, the prosecution must simply show that the blow itself was purposely inflicted and that the requisite bodily injury resulted.
¶ 5. Disputed issues of fact are submitted to the jury for resolution. Moran v. State, 822 So.2d 1074, 1076(¶3) (Miss.Ct.App.2002). In this instance, there was ample evidence presented showing that Griffin embarked on a purposeful course of defying the lawful orders of law enforcement officers and physically resisting their attempts to subdue and restrain him. It was certainly Griffin’s right, in his defense, to contend to the jury that the blows that broke one of the deputy sheriffs rib was in the nature of an involuntary reaction to being sprayed with mace and to seek acquittal on that basis. However, we have discovered nothing in the record before us to suggest that such a conclusion was the only reasonable interpretation of the evidence that jurors could possibly have drawn. This Court would be in the position of simply substituting our own view as to what the evidence showed for that of the jury were we to disturb this *92 verdict on the basis urged by Griffin. That is not the proper role of an appellate court: E.g., Howard v. State, 755 So.2d 1188, 1190(¶ 10) (Miss.Ct.App.1999). We conclude that there was sufficient evidence presented from which the jury could draw a reasonable inference that the blow to the deputy’s rib cage by Griffin’s fist was purposely and intentionally inflicted as he continued on his plainly-demonstrated course of conduct to resist the efforts of officers to subdue him.
¶ 6. In framing the issue on appeal, Griffin appears to make the alternative argument that the verdict, rather than being insufficient as a matter of law, was so against the weight of the evidence that he was entitled to a new trial in order to avoid a miscarriage of justice. However, in the body of his brief, Griffin makes no argument in support of that contention, and we consider it as being abandoned. See Edwards v. State, 856 So.2d 587, 598-99(¶ 45) (Miss.Ct.App.2003).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF TWO COUNTS OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND- SENTENCE OF THREE YEARS ON COUNT I AND FIVE YEARS ON COUNT II WITH SENTENCES TO BE SERVED CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.