233 So.2d 829 (1970)
James L. BARLOW
v.
STATE of Mississippi.
No. 45762.
Supreme Court of Mississippi.
March 30, 1970.
*830 John R. Poole, E. Michael Marks, Jackson, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is an appeal from the First Judicial District of Hinds County, Mississippi, wherein the appellant, a justice of the peace, was indicted, tried and convicted for embezzlement. He was sentenced to serve a six year term in the Mississippi State Penitentiary. From this judgment an appeal is taken.
The appellant, James L. Barlow, at the time of the alleged crime, was the duly elected, qualified and acting Justice of the Peace in the First Supervisors District of Hinds County, Mississippi. On December 4, 1966, one Carlton Mooney was arrested for driving while under the influence of intoxicating liquor and failing to have his vehicle under control. He was brought before the appellant on December 5, 1966, and although the testimony is conflicting as to what was said by the parties, there was no arraignment, plea, trial or judgment entered at the time. Mr. Mooney said he thought he was paying a fine, and he called his employer who sent a check for $415 to the appellant's office with an attached stub stating that the money was "For Fine Carlton Mooney." A receipt was given to Carlton Mooney for $415 from the order receipt book used by the appellant in criminal cases. Carlton Mooney was never tried and his case was dismissed, but no refund of the $415 was made. The docket book shows the cause was dismissed on February 8, 1967.
On June 5, 1968, an attorney for Carlton Mooney requested the $415 and that sum was turned over to him. Throughout the trial the appellant maintained that this sum of $415 was accepted as a cash appearance bond put up by the employer of Mooney and was not accepted by the appellant as a fine. The issue was submitted to a jury which returned a verdict of guilty of embezzlement and the circuit court sentenced the appellant to six years in the Mississippi State Penitentiary. From this judgment, an appeal is taken.
Six assignments of error are urged by the appellant but only four are argued and treated in his brief. These four assignments of error resolve themselves into three basic issues, the first being that under the evidence of this case the appellant could not be guilty of embezzling money from Hinds County, Mississippi. The second issue is that the evidence presented by the state wholly fails to establish as a fact that the money was accepted by the appellant as a fine and could not become a fine until shown on the docket as such. The third issue is whether the cross examination of the appellant by the district attorney was prejudicial in its manner.
In regard to the first issue, the statute requires and the indictment charges that the money was received by virtute officii. There are two ways an official may receive money or property; one is by virtute officii and the other is colore officii. When the Legislature passed Mississippi Code 1942 Annotated section 2120 (1956) they decided that a man should not be convicted of embezzlement unless the money or the property was received by virtue of his office. By virtue of his office means that the officer has a legal right to do that which he is doing. If he did not have a right lawfully to receive the property and *831 yet received it as a justice of the peace he was acting under color of office. The embezzlement statute does not provide that a man is guilty when he acts under colore officii. Furthermore, the indictment charged that the money was the property of the county. If it were a bond it could not possibly become the property of the county until the bond was forfeited. The appellant would only be holding it in trust and whatever breach of trust occurred would be a breach of the agreement with the man who put up the bond. Since a bond would be received under color of office rather than by virtue of the office, the indictment would be defective as no cause of action would have arisen in the county under the embezzlement statute. It follows, therefore, that it was error to grant instructions numbers 4 and 5 for the state since they construed and applied the statute under both the virtue and color of office doctrines, whereas the Legislature intended the statute to apply only to violations committed by virtue of office.
After a meticulous study of the record and the briefs of counsel, it is the opinion of this Court that the jury had sufficient facts and evidence before it to determine that the money received by the appellant was a fine. Mooney himself testified that he never at any time knew that the $415 was for anything other than a fine. The stub on the check which Mr. Kerr gave to, and which was cashed by, the appellant bore this notation: 12/5/66 #240 For Fine Carlton Mooney." We therefore reach the conclusion that the evidence was sufficient and the jury was warranted in determining that the check received by the justice of the peace was accepted as a fine. This Court will further take judicial notice of the fact that bonds are very rarely issued in odd amounts such as $415, but are generally in multiples of $25, $50 and $100.
In regard to the third issue, the record reveals that the case was tried in a vigorous and hostile manner by the district attorney. It might be noted that anger and wisdom seldom abide together, and this is true in the case at bar. It was prejudicial error for the district attorney to ask the following questions:
"Q So wouldn't you agree with me that a justice of the peace making that kind of money at the expense of the taxpayer ought to be honest?
* * * * * *
"Q You made enough money there that you could have been honest?"
Though both questions were objected to and the objections were sustained by the court as being improper, the effect nevertheless was to prejudice the jury and thus this is reversible error. It was further error for the district attorney to bring up the issue of past grand jury criticism, which is as follows:
"Q And during  on how many occasions during that period of time have you been the subject of a grand jury report?
"BY MR. POOLE:
If the Court please, we object.
"BY THE COURT:
Overruled.
"A I don't know, Mr. Travis. All justices of the peace have been under criticism to the grand jury.
"BY MR. TRAVIS (Continuing):
"Q That's right, all of them have, but would you tell this jury how many times Hinds County grand juries have repeatedly condemned 
"BY MR. POOLE:
I object.
"BY THE COURT:
Overrule the objection.
"A Repeat your question.

*832 (The reporter read the last question)
"BY MR. TRAVIS (Continuing):
"Q Have condemned you as a justice of the peace for the manner in which you conducted your office?
"A I don't know, sir, two or three."
This Court has repeatedly held that Mississippi Code 1942 Annotated section 1693 (1956) permits a cross examination of a defendant or witness as to any convictions but never as to indictments and certainly not as to censures by the grand jury. Turberville v. State, 179 So. 340 (Miss. 1938); Starling v. State, 89 Miss. 328, 42 So. 798 (1907). Criticisms by grand juries is double hearsay, highly prejudicial, and could only have been enlisted for the purpose of degrading and prejudicing the defendant in the eyes of the jury. For the above reasons this also constitutes reversible error.
For the foregoing reasons, the cause is reversed and remanded. On a retrial the foregoing errors can be avoided.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.