518 So.2d 621 (1987)
Jerry V. LAMBERT, Sr.
v.
STATE of Mississippi.
No. 57248.
Supreme Court of Mississippi.
December 2, 1987.
Rehearing Denied February 3, 1988.
*622 Earl B. Stegall, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
ZUCCARO, Justice for the Court:
Jerry V. Lambert, Sr., was found guilty of embezzlement by the Circuit Court of Jackson County, and sentenced to four (4) years imprisonment. From this adverse sentence, Lambert appeals, making four (4) assignments of error. Finding no error, we affirm.

FACTS
A cashier at a Pascagoula grocery store became suspicious when Jerry V. Lambert, Sr., a justice court judge, cashed money orders at the store made out to the Jackson County Court Clerk and the Jackson County Justice Court. The cashier notified District Attorney Mike Moore, and a subsequent investigation led to the arrest and indictment of Lambert for embezzlement pursuant to Miss. Code Ann. § 97-11-25.
In a lengthy trial, proof was developed that pieced together the manner in which Lambert obtained the cashier's checks which he later converted for his own gain. The sequence would begin with the driver of an automobile, usually from out of state, receiving a speeding citation in Lambert's district. The motorist would then, following directions provided on the citation, telephone the justice court clerk to obtain the amount of the fine owed so that they could simply plead guilty to the charge by paying the fine, and in the process avoid appearing in court. The clerk would direct the person to obtain a cashier's check in the proper amount and mail it to her. Upon receipt of the check, the clerk would attach all copies of the citation to the check, and evenly distribute such among the four (4) justice court judges, including Lambert, in the district.
Upon receipt of his portion of the "mailed in" guilty pleas, with cashier's checks attached, Lambert would proceed to write "not guilty", "dismissed", or some similar notation on the ticket, usually accrediting such to the request of a state trooper, by signifying a particular officer's badge number. After dismissing the charge, leaving, at least on paper, no fine to be paid, Lambert would then take the money orders and endorse them. He then proceeded to cash such at a local liquor or grocery store, effectively converting to his own use state funds.
In developing the above facts at trial the State called thirty seven (37) witnesses composed primarily of motorists receiving citations, highway patrolmen, justice court clerks, grocery and liquor store cashiers, and a handwriting expert. The proof was overwhelming that: all motorists intended to plead guilty; none of the troopers involved requested that the particular citations be dismissed; Lambert cashed the mailed in checks at local liquor and grocery stores. On this basis the jury returned a verdict of guilty from which Lambert appeals.

I. DID THE LOWER COURT ERR IN FAILING TO GRANT APPELLANT A CONTINUANCE?
Appellant was charged, by indictment, with embezzlement on April 12, 1985, and was subsequently arraigned on May 14, 1985. A trial date was set for May 28, 1985, but the matter was reset for hearing on May 29, 1985. During the interim between arraignment and trial, specifically on May 24, 1985, the State complied with Lambert's discovery requests supplying a voluminous number of exhibits, and advising appellant that certain documents had been forwarded to the Mississippi State Crime Laboratory for examination by a handwriting expert.
On May 27, 1985, two (2) days before trial, Lambert filed a motion for a continuance. *623 The basis for the motion was that, due to the tremendous amount of exhibits provided pursuant to the discovery request, the incompleteness of those exhibits, as such concerned certain samples of Lambert's handwriting, and because of the shortness of time, appellant's counsel had insufficient time to prepare for trial. The record only reflects the motion, itself, that was filed. There is no record of any argument conducted in furtherance of the motion, or that counsel for Lambert took any action to go forward with his request. The motion for a continuance only surfaces in the record again as a part of appellant's motion for a new trial filed after a jury verdict and sentence had been entered, and then, there is still no argument on the point.
At this juncture, we must again emphasize that it is paramount on the party filing a motion to follow up that action by bringing it to the attention of the trial judge and requesting a hearing on it. Sharplin v. State, 357 So.2d 940 (Miss. 1978); Dyer v. State, 300 So.2d 788 (Miss. 1974). As previously stated, the record is absent of any such action taken by Lambert. Further, trial judges are vested with broad discretionary powers in granting or refusing to grant a continuance. Carter v. State, 473 So.2d 471 (Miss. 1985); Greene v. State, 406 So.2d 805 (Miss. 1981). This Court will not hold a trial court's granting or denial of a motion for a continuance to be error unless such amounts to an abuse of discretion that acts to prejudice the defendant. Fermo v. State, 370 So.2d 930 (Miss. 1979). As the record reflects no action taken by Lambert in furtherance of the motion, and as there was no evidence of any abuse of discretion on the part of the trial judge, the assignment of error is without merit.

II. DID THE LOWER COURT ERR IN FAILING TO DIRECT A VERDICT FOR APPELLANT?
Appellant was indicted and convicted of embezzlement pursuant to Miss. Code Ann. § 97-11-25 which provides that:
Embezzlement  officers, trustees and public employees, converting property to own use.
If any state officer or any county officer, or an officer in any district or subdivision of a county, or an officer of any city, town or village, or a notary public, or any other person holding any public office or employment, or any executor, administrator or guardian, or any trustee of an express trust, any master or commissioner or receiver, or any attorney at law or solicitor, or any bank or collecting agent, or other person engaged in like public employment, or any other person undertaking to act for others and intrusted by them with business of any kind, or with money, shall unlawfully convert to his own use any money or other valuable thing which comes to his hands or possession by virtue of his office or employment, or shall not, when lawfully required to turn over such money or deliver such thing, immediately do so according to his legal obligation, he shall, on conviction, be committed to the department of corrections for not more than twenty (20) years, or be fined not more than five thousand dollars ($5,000.00). (emphasis added)
At trial, in making his motion for a directed verdict, Lambert argued that his actions did not come under the above statute because the money orders did not come into his hands or possession "by virtue of his office or employment." Appellant's theory was at trial, and is on appeal, that the money, if it came into his possession at all, came into his possession by "color of office" merely, and not by "virtue of his office," so that any breach of trust occurred only between appellant and the makers of the money orders and not between appellant and the State and County. The basis for this "color of office" argument is the proposition that once the citations were dismissed by Lambert there was no money owed to the State that could legally come into his possession by "virtue of his office," that he could convert to his own use.
In Barlow v. State, 233 So.2d 829 (Miss. 1970), the Court was faced with a situation *624 where a motorist was charged with driving under the influence. The motorist mailed a check in the amount of $415.00 to Barlow, then a justice of the peace, in payment of the fine for the above charge. Barlow converted the funds to his own use, and subsequently was charged and convicted of embezzlement pursuant to Mississippi Code 1942 Annotated § 2120 (1956), the predecessor to § 97-11-25 now in question. On appeal, Barlow argued that the $415.00 in question represented only an appearance bond, not a fine, that had not come into his possession by "virtue of his office" due to the fact that no money was owed to the State on such a bond until forfeiture. In reviewing this argument, we stated that:
By virtue of his office means that the officer has a legal right to do that which he is doing. If he did not have a right lawfully to receive the property and yet received it as a justice of the peace he was acting under color of office. The embezzlement statute does not provide that a man is guilty when he acts under colore officii. Furthermore, the indictment charged that the money was the property of the county. If it were a bond it could not possibly become the property of the county until the bond was forfeited.
Barlow at 830-831. The Court went on to note that a fine received by such a judge would be received by "virtue of office" in that such judge would have a legal right to receive it. Barlow's conviction was reversed on other grounds.
As the funds in the present case represent payments of fines, appellant's "color of office" reasoning is unsound. It is well settled in Mississippi that embezzlement is the wrongful conversion of property lawfully possessed by the person charged. Sisk v. State, 294 So.2d 472 (Miss. 1974). Thus, as Lambert lawfully came into possession of the mailed in money orders/guilty pleas by "virtue of his office," Barlow, supra, and as he converted such to his own use, he could be charged and convicted of embezzlement pursuant to § 97-11-25. The assignment of error is meritless.

III. DID THE LOWER COURT ERR WHEN IT ALLOWED THE STATE OVER OBJECTION OF APPELLANT, TO CROSS-EXAMINE APPELLANT AS TO PRIOR IMPROPER ACTIONS?
During cross-examination of Lambert at trial by District Attorney Mike Moore the following transpired:
BY MR. MOORE: Okay. Now, when we're talking about all these dismissing of tickets, Mr. Lambert, what we're really talking above (sic) is fixing tickets; aren't we?
BY MR. STEGALL: Judge, I'm going to object to that.
BY THE COURT: All right, sustained.
BY MR MOORE:
Q. Well, you tell me what we're talking about when you dismiss a ticket because somebody asked you to.
BY MR. STEGALL: Judge, I'm going to object to this line of questioning. This is done solely to inflame or prejudice the jury and has no probative value as to whether he is guilty of the crime of embezzlement.
BY THE COURT: Overruled. He can ask a question concerning fixing. There has been testimony of officers throughout this last three days. I'll allow him to question him about that.
MR. MOORE:
Q. What do you call it, Judge, when somebody comes and asks you to take care of a ticket?
A. As a favor to the officer or whoever asks me, as a favor to them, if I know them or feel that I should, I do.
Appellant argues that the cross-examination as to "ticket fixing" amounted to questioning that was meant solely to bring out acts of misconduct reflecting on appellant's character so as to prejudice the jury. Massey v. State, 393 So.2d 472 (Miss. 1981). In this context we note that Lambert asserted throughout the entire trial, as a key element of his defense, that state troopers had requested that the citations in question be dismissed. Numerous witnesses, including Lambert, testified at various times as *625 to the manner in which a traffic citation could be dismissed. As quoted above, this even included dismissal as a favor. In essence, "ticket fixing" became a key issue at trial as one of Lambert's defenses.
Under Mississippi law, objections to the admissibility of evidence must be made in timely fashion when the evidence is offered or the point will be waived. Sumner v. State, 316 So.2d 926 (Miss. 1975); Williams v. State, 171 Miss. 324, 157 So. 717 (1934). As the record, prior to appellant's objection, is replete with testimony concerning the dismissal of citations as favors (in effect "ticket fixing"), Lambert can't at such a late time be heard to complain. The assignment of error is without merit.

IV. DID THE LOWER COURT ERR IN ALLOWING THE STATE TO CROSS-EXAMINE APPELLANT CONCERNING THE HIRING OF AN EXPERT WITNESS, OVER OBJECTION OF APPELLANT?
Lambert asserts that it was error for the lower court to allow him to be asked on cross-examination whether or not he had hired a handwriting expert. Lambert, in his brief, cites no authority in support of this proposition. This Court will not consider assignments of error unsupported by authority. Ramseur v. State, 368 So.2d 842 (Miss. 1979); Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963). As such, the assignment of error is meritless.

CONCLUSION
The evidence presented against Lambert meticulously developed a scheme by which he converted to his personal use money orders that came into his possession by virtue of his office of justice court judge. As we find no error in the trial below, the decision of the lower court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.