562 So.2d 1276 (1990)
Terry BRADLEY
v.
STATE of Mississippi.
No. 89-KA-0035.
Supreme Court of Mississippi.
May 23, 1990.
*1277 C. Ray Scales, Jr., C. Ray Scales, Jr. & Associates, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BLASS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Terry Bradley was convicted in the Circuit court of Wayne County for selling cocaine and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections and was ordered to pay a fine of $9,000. He has appealed to this court and assigns ten errors in the trial below.

FACTS
In 1986, a confidential informant (CI) informed the Bureau of Narcotics that Terry Bradley was a known cocaine dealer who resided in Wayne County, Mississippi, and that the CI would be willing to introduce a narcotics agent to Bradley for the purpose of purchasing cocaine.
At approximately 12:14 p.m. on May 9, 1986, Marie Edwards, a Narcotics Agent for the Mississippi Bureau of Narcotics (MBN), met with other MBN officers and the confidential informant at a woodyard near Highway 84 in Wayne County, Mississippi, to make tentative plans for locating Terry Bradley and purchasing one-half (1/2) ounce of cocaine from him. Agent Edwards would attempt to buy the cocaine and the other agents were to surveil her while she made the drug purchase. Agent Edwards was equipped with a body transmitter and had a small microcassette recorder in her handbag.
Edwards and the CI travelled to 1303 Joiner Street in Waynesboro, the residence where the informant believed Bradley would be. Upon arrival there, the CI got out of the car and attempted to locate Bradley. Three black males were at the same residence looking for him. These men told Agent Edwards and the CI that if they followed them, they might be able to locate Bradley. The men led Agent Edwards and the CI to 1315 Gatlin Street in Waynesboro. When they arrived at that residence, the three black males spoke briefly with another black male and shortly thereafter the three black males left. After they left the area the CI got out of the vehicle and talked to the same black male that the other men had talked to.
A few minutes later, Agent Edwards observed a man whom she later knew to be Terry Bradley come out of the house and talk to the CI. They were then invited into the house by an unidentified male person.
Agent Edwards and the CI went into the house where Agent Edwards observed four other black males in the den area watching *1278 television and appellant at the sink running water over dishes. At that point, the CI introduced appellant to Agent Edwards using Bradley's nickname of "Mose". The CI told appellant that Agent Edwards' name was "Rita". They went into the bedroom and appellant entered the room with a white paper towel in his hand. The CI excused himself and left the room, closing the door behind him. After the CI left the room, appellant withdrew from the paper towel a sandwich bag, which contained a white powder substance. Appellant represented that it was cocaine, guaranteed to be good, and the price was $900.00.
Agent Edwards paid the appellant with nine (9) $100 bills from official state funds, which had been photocopied and identified by serial numbers. After the transaction, Agent Edwards and the CI left the area and returned to the woodyard near Highway 84 to meet with the surveilling officers. The transaction had taken six or seven minutes. Agent Edwards produced the white substance and one of the officers performed a field test, which revealed that the substance was cocaine. The officers then paid the CI $300.00 for his assistance in the investigation.

LAW

I.

THE LOWER COURT ERRED IN FAILING TO SUSTAIN THE DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE AND DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT.

II.

THE LOWER COURT ERRED IN FAILING TO REQUIRE THE PROSECUTION TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT AS AN EYE WITNESS TO THE ALLEGED TRANSACTION OR ALTERNATIVELY, A MATERIAL MISIDENTIFICATION.

III.

THE LOWER COURT ERRED IN FAILING TO DISMISS THE INDICTMENT, OR, IN THE ALTERNATIVE, SUPPRESSING THE EVIDENCE ON THE GROUND THAT THE STATE ILLEGALLY AND IMPROPERLY HIRED A CONFIDENTIAL INFORMANT ON A CONTINGENCY FEE ARRANGEMENT TO SECURE EVIDENCE AGAINST THE DEFENDANT.

A. The appellant contends, first, that the court erred in declining to suppress the evidence and declare the cocaine purchase to be an illegal search and seizure.
Under this assigned error, the appellant argues that Agent Edwards' presence on the premises and purchase of cocaine without a search warrant made her a trespasser who was illegally on the property. He concludes that the court should have suppressed the evidence obtained from the purchase. After a hearing on the motion to suppress the evidence, the trial court made the following finding:
With respect to the issues concerning illegal search, illegal seizure, the Court is of the opinion that there has been no search of the premises located at 1315 Gatlin Street at any time. There has been no seizure of contraband obtained at 1315 Gatlin Street from this defendant. It's the opinion of the Court that Miss. Edwards under the testimony presented before the Court today was not a trespasser in any respect but merely another individual who was present in the home as the other four or five individuals who were there. There has been no testimony that Marie Edwards was asked to leave at any time but from the testimony which is uncontradicted this appears to be a consenting transaction between all individuals involved.
In nearly every sale of cocaine where an officer is involved, the modus operandi is that followed in the present case. Literally hundreds of cases over the entire United States have been investigated and disposed of by the same methods. The courts have *1279 universally approved the procedure. Lewis v. U.S., 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966) and its progeny through the years have established that such methods are permitted under the law and do not violate Fourth Amendment rights. The trial court's finding of fact is supported by the overwhelming weight of the evidence and is accepted by this court. Smith v. State, 465 So.2d 999, 1002 (Miss. 1985); Pool v. State, 483 So.2d 331, 334 (Miss. 1986).
Appellant's assigned error number one is rejected.

B. Did the lower court err in declining to require the prosecution to reveal the identity of the confidential informant?
The appellant's defense was an alibi. He claims that at the time of the drug sale, he was in the office of Dr. Hobart Korngay, a dentist in Meridian, Mississippi, for dental work. Dr. Korngay testified that, based on a receipt, dated May 9, 1986, the day in question, appellant, Terry Bradley, and three other persons, one of whom was Danny Sherrod, had come to his office to have some gold crowns put in Bradley's teeth. The names on the receipt were: Mary Lee Moore; Big Mo Sherrod; M. Williams; M. Goss; and Mo Tyler. The procedure would have taken at least until noon. Dr. Korngay further testified that it would be impossible to remember the occasion, who was there, and anything about it.
The appellant testified that he went to Meridian on the morning of that day without an appointment and arrived at Dr. Korngay's office around 10:15 A.M.; that he got some gold put in six of his teeth; that they took a lunch break and returned to the dentist's office around 1:00 P.M.; that the dental work was completed around 1:30 P.M. and he returned to Wayne County.
This Court has held that if an informant is with a participant in the crime or an eye witness to the offense, then the confidential informant is a material witness and the trial court must require the prosecution to identify the informant, if the defendant so requests. Middlebrook v. State, 555 So.2d 1009, 1010 (Miss. 1990); Pinkney v. State, 538 So.2d 329, 348 (Miss. 1988); Arnett v. State, 532 So.2d 1003, 1008 (Miss. 1988); Breckenridge v. State, 472 So.2d 373, 377 (Miss. 1985).
Agent Edwards testified that she had prearranged with the CI to leave the room during the time when the offense was committed and that he had excused himself by going to the bathroom and was not present while the sale was being made and consummated; that she, Agent Edwards, and the appellant were the only ones in the room when she bought, paid for, and received the cocaine and that the CI did not return until the transaction was entirely over.
After the pre-trial hearing, the trial court made the following findings:
The motion to reveal the identification of the confidential informer will be denied based upon the testimony, uncontradicted testimony, that the confidential informer only provided information to the Mississippi Bureau of Narcotics prior to May 9, 1986 and that the confidential informer was used to introduce Miss Edwards to the defendant in order to purchase the sale. The testimony was uncontradicted that the confidential informer was not a participant in the drug transaction and it's uncontradicted testimony presented before the Court today that the confidential informer was not an eye-witness to the offense. The report that has been admitted into evidence as Exhibit 3 is general in nature and appears to be ambiguous. Both parties had the right to cross examine the witnesses that were here today, namely, Wade Parham who is a Mississippi Bureau of Narcotics agent who was in charge  or one of the agents in charge of surveillance, who was cross examined on the issue and described the method that the Bureau used in obtaining a report from a confidential informant, why it was necessary that this confidential informant make a report even though the confidential informer was not an eye-witness or a participant in the actual transaction, drug transaction. This was also explained by *1280 Marie Edwards. The undisputed testimony was that the confidential informer at no time was present during the consummation of the buy or [sic] cocaine from the defendant as testified by Marie Edwards.
As in the previous question, this court is bound by the finding of the lower court and will not overturn its finding of fact unless it is clearly erroneous. Neal v. State, 451 So.2d 743, 753 (Miss. 1984); See also, Breckenridge, 472 So.2d at 377.
The assigned error number two is rejected.

C. Did the lower court err in declining to suppress the evidence on the ground that the state illegally and improperly hired a confidential informant on a contingency fee arrangement to secure evidence against the appellant?
On cross-examination, Agents Parham and Edwards testified that the MBN sometimes pays confidential informants according to whether a drug transaction takes place and the amount they are paid depends on the type of drug they seize or buy and the amount. That cross-examination developed the entire connection between the CI and the narcotic agents, how they operated and how much the CI was paid. The discussion here is overlapped by the discussion on assigned errors one and two and they all deal with the same subject matter. The law stated there applies here. See also, Williams v. State, 463 So.2d 1064 (Miss. 1985) (although Williams is distinguished from the case at bar).
The assigned error number three is rejected.

IV.

THE LOWER COURT ERRED IN REFUSING TO GRANT A MISTRIAL AFTER THE DISTRICT ATTORNEY, ON CROSS EXAMINATION, COMMENTED AND REFERRED TO WHETHER REGINALD WHITE, A DEFENSE WITNESS, HAD BEEN INDICTED FOR THE POSSESSION OF COCAINE.
The prosecution inquired on cross-examination of Reginald White, a witness for the appellant, whether he lived in Biloxi or Gulfport. He stated that he lived in Waynesboro, but admitted that he does "business" there. When asked whether he was a business associate of the appellant, White denied that he was and said they were just friends. The following cross-examination occurred:
Q: Reginald, you've been indicted in Biloxi on a charge of possession of cocaine.
BY MR. FARRELL: Your Honor, we object to that.
Q: Is that right?
BY MR. FARRELL: We object to that, your Honor. That's irrelevant and inadmissible to this hearing.
BY THE COURT: Overruled.
A: Yes.
Q: Okay. When  what is  are you scheduled to go to trial sometime in the near future on that charge?
BY MR. OGLESBY: Objection, Your Honor. That's immaterial and irrelevant to this question of the guilt or innocence of the defendant. Whether he's to go to trial or not.
BY THE COURT: I sustain the objection to the question asked.
White was called by the appellant to establish his defense of misidentification and alibi. White stated on cross-examination that, while Sherrod was heavy set like the appellant, Sherrod did not look like the appellant.[1] The appellant's primary defense, however, was that he was in Meridian at the time of the sale and he depended upon Dr. Korngay's testimony and his own to establish that defense. A long time prior to the adoption of the Rules of Evidence, in Hardy v. State, 143 Miss. 352, 108 So. 727 (1926), this Court stated:
At common law feelings, bias, and relationship of a witness are not collateral *1281 issues. The witness may be interrogated on cross-examination as to his interest, bias, or prejudice, provided the sole purpose is to bring out and elucidate the existing or previous relationship, feeling, or conduct of the witness toward the crime or the accused.

Id. at 729 (emphasis added).
After the cross-examination of White, the appellant made a motion for a new trial. The trial court stated:
BY THE COURT: All right. The Court has considered the motion and heard the arguments of both parties. The Court has reviewed the Mississippi Rules of Evidence, Rule 4.04(b), as it relates to proof of motive, Rule 6.08 and 6.09. The Court has, also, reviewed Vick versus Cochran, 316 So.2d 242, a Mississippi 1975 case, and McInnis versus State, 527 So.2d 84, a Mississippi 1988 case. The court takes notice that the witness who has testified is not  is a close friend of the defendant. The Court feels like  the Court has checked the question and answer that was asked at the conclusion of the trial yesterday with the Court Reporter... . We're not dealing with convictions here, only that this witness was indicted. The Court feels that the issue involved here is a very close and sensitive issue. If it had been the defendant who was testifying there would be no question that the Court would have ruled that the question and answer would be inadmissible under Rule 6.09. However, this witness has testified that he was a close friend of the defendant and had known him for some twenty some odd years and that the question is relevant and probative in that they, the defendant and the witness, have been charged with similar crimes. The witness, the Court feels certainly has an interest in this case by the testimony and he has shown by  and that the State has made a prima facie case of proof of motive under Rule 4.04(b). The Court finds for those reasons that the probative value outweighs the proposition for prejudice of the defendant. Therefore, the motion for mistrial is denied. I'm sure the court will address this on appeal. The Court has tried to conscientiously weigh Rule 4.04(b) as it relates to the facts of this particular case with Rule 6.09 and the recent cases that the Supreme Court has produced.
BY MR. OGLESBY: Thank you, Your Honor.
BY THE COURT: And an additional reason for the Court's ruling is that Reginald White, the Court feels although he is an important witness to the defendant for his defense of alibi is not the most critical witness. Reginald White testified that he did not see the defendant on the day in question because the defendant had told him the night before that he had a dentist appointment the day the alleged crime was to take place. Dr. Kornegay, who is the defendant's dentist has been subpoenaed and is present to testify and is the critical witness to the defendant's defense of alibi.
Comment to Rule 404(b), Mississippi Rules of Evidence, states the following:
(b) Against the general prohibition of producing evidence of prior offenses or actions to show that the party acted in conformity with past behavior, is posited a list of exceptions. These past acts introduced into evidence may be ones for which the person in question was either convicted or not convicted. All the exceptions in Rule 404(b) have been recognized and applied on numerous occasions by the Mississippi Supreme Court. Evidence of another crime, for instance, is admissible where the offense in the instant case and in the past offense are so inter-connected as to be considered part of the same transaction. Neal v. State, 451 So.2d 743 (Miss. 1984). The court has consistently recognized that evidence of a prior crime or act may be admitted to show identity, knowledge, intent or motive. Carter v. State, 450 So.2d 67 (Miss. 1984).
It should be noted that the exceptions listed in Subsection (b) are not exclusive.
M.R.E. 404(b).
Rule 616 provides that for the purpose of attacking the credibility of a witness, evidence *1282 of bias, prejudice, or interest of the witness for or against any party to the case is admissible.
No further comment was made as to the question and answer and it was not referred to in argument. We are of the opinion that the cross-examination did not constitute reversible error and that the objection and motion for new trial were properly overruled.
Assigned error number four is rejected.

V.

THE LOWER COURT ERRED IN PERMITTING THE STATE TO ELICIT TESTIMONY FROM A STATE'S WITNESS IN REGARD TO ANOTHER CRIME ALLEGEDLY TO BE COMMITTED IN THE FUTURE.

VI.

THE COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CONCLUSION OF THE TRIAL.

A. The appellant contends that the court erred in admitting testimony relating to an offer of appellant to sell Agent Edwards cocaine in the future at a lower price.
The contention involves the following portion of the direct examination of Agent Edwards by the assistant district attorney:
Q. Marie, what conversations, if any, did you have with Terry Bradley after the exchange and before the confidential informant came back in?
A. I asked Bradley if I could purchase some more cocaine on a  on a later date from him and he said he usually sold an ounce for $1,900.00 but that once he got to know me  once he got to know me or do more business with me that he would go down on the price.
An objection was made to the question and answer which was overruled by the court.
The conversation between appellant and Agent Edwards was a part of the entire transaction and was connected with the crime, e.g., sale of cocaine, and was included within the same transaction as the sale. The conversation was admissible. See Davis v. State, 530 So.2d 694, 697-698 (Miss. 1988); Minor v. State, 482 So.2d 1107, 1110-1 (Miss. 1986); Barnette v. State, 481 So.2d 788, 790 (Miss. 1985). Further, the probative value of the statement outweighed the danger of unfair prejudice under M.R.E. 403.
The assigned error number five is rejected.

B. The appellant contends that the court erred in refusing to sustain his motion for a directed verdict.
The appellant argues that the prosecution did not prove that the substance was cocaine, i.e., did not perform a D-cocaine and L-cocaine test. The undisputed testimony at trial by Allison Smith, a forensic chemist with the Mississippi Crime Lab, indicated that the substance was cocaine. The question of whether the substance was cocaine went to the weight and the credibility of Smith's testimony and was an issue for the jury to decide. Sanders v. State, 479 So.2d 1097, 1103 (Miss. 1985).
Assignment number six is rejected.

VII.

THE LOWER COURT ERRED IN ALLOWING THE DISTRICT ATTORNEY TO EXCUSE WITHOUT PROPER CAUSE A BLACK JUROR, FRANK RAY, BASED ON HIS RACE.
The appellant, relying upon Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), argues that the state was allowed to strike black juror, Frank Ray, without giving a sufficient race-neutral reason.
With regard to the question, the following transpired:
BY MR. MITCHELL: Your Honor, we would like to strike Juror 21, Frank Ray. One reason is that he's a truck driver *1283 which may or may not mean he's a transient, will not be a full time citizen of Wayne County. That was not developed on voir dire. The main reason is from watching him  I watched the jurors closely  I looked them over to see how they dressed and that kind of thing and he wore overalls in the court room with black T-shirt. He just didn't look to me like he was an outstanding citizen of Wayne County and that's my reason for wanting to strike him.
BY MR. FARRELL: Your Honor, the State as I understand is required to give a clear and specific reason  the fact that a man is  what he wears to the court room has absolutely nothing to do with him as a juror. He hasn't given any specific cause to strike this juror under the Batson case.
BY MR. MITCHELL: Excuse me for a second, Roy. I wasn't through. He's also unmarried and doesn't have children, which shows that he doesn't have a stake in the community like somebody that's established. Excuse me, Roy, I wasn't quite through.
The trial court ruled:
BY THE COURT: Some of the reasons stated by the State have been approved in Yarbrough versus State, dealing with prospective jurors' demeanor, young and single, and for that reason I will grant the reason as being a non-racial reason to strike Juror No. 21 as S-2.
We have held that factual findings made by the trial judge will be given great deference. Wheeler v. State, 536 So.2d 1347, 1351 (Miss. 1988). In Lockett v. State, 517 So.2d 1346 (Miss. 1987), this Court has said "[w]e place our trust in the trial judges to determine whether or not a discriminatory motive underlies the prosecutor's articulated reasons."
We are of the opinion that assigned error number six has no merit and it is rejected.

VIII.

THE LOWER COURT ERRED IN FAILING TO GRANT A MISTRIAL AFTER MOTION BY THE DEFENDANT ON THE BASIS THAT THERE IS NO STATUTORY AUTHORITY FOR THE STATE TO MOVE THE TRIAL FROM THE WAYNE COUNTY COURTHOUSE TO THE CITY AUDITORIUM WHEN THE COURTHOUSE WAS AVAILABLE FOR TRIAL.
The appellant contends that the trial was moved from the Wayne County courthouse to the city auditorium and that the jury and court personnel had problems hearing the questions and answers, prejudicing his case. At the beginning of the trial, the judge informed the jury as to why the trial was being held in the city auditorium:
BY THE COURT: Before we begin the voir dire, I would like to let the record reflect, and before the prospective jurors, that the reason we are here in the City Auditorium is because two trials were scheduled at the same time, one a civil trial and one this trial, which is a criminal trial. Both cases were set by order. They were both peremptorily set. This is not a grand jury term when normally during the grand jury meeting criminal trials take precedence; so, therefore, the parties in the civil trial would not give up their right to use the court room. So, the Court on its own motion ordered that provision be made in the City Auditorium to hear this criminal case and that's the only reason why we're here in the City Auditorium... .
At the conclusion of the prosecution's case-in-chief, appellant moved for a mistrial arguing that the trial court had no statutory authority to move the trial from the county courthouse; that the acoustics in the auditorium were bad; and there was danger that the jury could not hear the questions of counsel and the answers of the witnesses. The matter was fully developed before the trial judge. The appellant presented no evidence that the jury was incapable of hearing testimony nor did he demonstrate that the heat in the courtroom was excessive.
The assigned error number eight is rejected.

*1284 IX.

THE LOWER COURT ERRED IN NOT GRANTING THE DEFENDANT A NEW TRIAL ON THE BASIS THAT A JUROR VIRGIL LEE POWE, DID NOT RESPOND TO A CRUCIAL VOIR DIRE QUESTION WHICH RENDERED HIM INCOMPETENT TO SIT AS A JUROR AND DENIED THE DEFENDANT A FAIR TRIAL.
The assistant district attorney asked the following question on voir dire:
I have to ask you a couple of questions that if you answered, "Yes, it was me", that might be embarrassing for you, so I'm going to ask you about you and your close friends and relatives and if you have to answer yes to this question, don't tell me who it is. You don't have to tell me who it is if you don't want to. That way maybe it will save some embarrassment if it is an embarrassing situation. But what I need to know is if any of you or your close friends or any of your relatives have ever been convicted of a crime before. And when I say crime, I mean a serious crime. I don't mean a speeding ticket or something like that. Have any of you or your close friends or relatives been arrested and charged with a crime? A serious crime.
On motion for JNOV or new trial, the appellant called Virgil Powe, a juror, to the stand. He admitted that his son had been convicted of selling cocaine and had served three years in the penitentiary. When asked about the voir dire questions, Powe replied that he did not recall the particular question about members of a juror's family and thought he was asked if he had ever been evicted.
The lower court made detailed findings of fact against the contention of the appellant that he was prejudiced by the juror:
The Court in considering the question asked by the District Attorney finds that the question was relevant to the voir dire examination, that according to the testimony of the witness as to what he heard and didn't hear, there's some question in this Court's mind whether it was unambiguous or not. That is how this witness heard the question being asked. I think the record reflects that he testified he did not remember this particular question being asked, although he did remember a question being asked as to whether or not he, himself, had ever been convicted of a crime, to which he answered no. He heard that question. The third factor is whether the juror had substantial knowledge of the information sought to be elicited. The Court finds that he did have this information if he remembers the question being asked. Assuming that all three of the factors the Court has to consider are found to be in the affirmative, the Court does not find that there was any prejudice to the defendant in selecting the jury, nor could it be reasonably inferred from the juror's failure to respond that he was prejudiced. The defense counsel stated had he known this information he would have struck the juror and he might have. However, it appears to the Court that if a juror has a family member who has been convicted of a felony by the State, certainly, the State would have struck this juror. And they failed to do so. This coupled with the testimony produced by the witness at this hearing today finds that the defendant was not prejudiced, nor can prejudice be reasonably inferred by the juror's failure to respond. All right. That grounds will be denied. That grounds for a new trial or JNOV.

See Odom v. State, 355 So.2d 1381 (Miss. 1978).
The assigned error number nine is rejected.

X.

THE LOWER COURT ERRED IN NOT REDUCING THE EXCESSIVE SENTENCE OF FIFTEEN YEARS IMPOSED BY THE COURT ON THE BASIS THAT IT VIOLATES CONSTITUTIONAL PRINCIPLES OF PROPORTIONALITY.
The sentence imposed by the lower court was within the provisions of the statute and was within the sound discretion of *1285 the trial judge. It does not constitute cruel and inhuman punishment. Byrd v. State, 522 So.2d 756, 760 (Miss. 1988); Whitley v. State, 511 So.2d 929, 932 (Miss. 1987).
Assignment number ten is rejected.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
CONVICTION SALE OF COCAINE, SENTENCE OF 15 YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTION, PAY A FINE OF $9,000, PAY ATTORNEY'S FEES OF $1,000 AND ALL COURT COSTS AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
NOTES
[1] Testimony introduced by appellant was to the observation that Agent Edwards confused appellant with Sherrod.