633 So.2d 1047 (1994)
Jimmy CRIDDLE,
v.
STATE of Mississippi.
No. 91-KA-00540.
Supreme Court of Mississippi.
March 10, 1994.
Louis F. Coleman, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and SULLIVAN and SMITH, JJ.
*1048 HAWKINS, Chief Justice, for the court:
Criddle appeals his conviction of manslaughter in the circuit court of Clay County and sentence of eighteen years, assigning two errors, namely: insufficiency of the evidence and prejudicial cross-examination of a defense witness. We affirm.

I. Sufficiency of the Evidence
On the issue of sufficiency of the evidence to convict, the State produced competent evidence that Nadine Criddle, the defendant's wife, died as a result of a brutal beating by Criddle in the parking lot of a night club.

II. Improper Cross-Examination
Theodore Dismuke, a defense witness and discharged deputy sheriff of Clay County, testified that he saw Criddle and his wife sitting in their car in the parking lot of the club after the time she was said to have been beaten. He said that there did not appear to be anything wrong. On cross-examination by the State, the record shows that Dismuke was asked why he was no longer employed with the sheriff's department. Dismuke responded that he resigned. The State then asked if he was presently under federal indictment. Criddle's attorney objected to the last question before any answer was given. The trial court sustained the objection and instructed the jury to disregard the question as well as any inference from it.
On his appeal, Criddle argues that this question by the district attorney constitutes reversible error.
Because the circuit judge found that this question was not permitted under M.R.E. 404(b)[1] for the purpose of showing Dismuke's hostility and bias against the State, it was an improper question.[2]
Not all improper questions constitute reversible error, M.R.E. 103(a); Sayles v. State, 552 So.2d 1383, 1387 (Miss. 1989); Ponthieux v. State, 532 So.2d 1239, 1248 (Miss. 1988), especially, as here, where the question was not answered. Rule 5.15 of the Mississippi Uniform Criminal Rules of Circuit Court Practice provides that a mistrial shall be declared by the court upon motion by the defendant where an error occurring during the trial results in "substantial and irreparable prejudice to the defendant's case." Wilburn v. State, 608 So.2d 702, 705 (Miss. 1992); Bass v. State, 597 So.2d 182, 191 (Miss. 1992); Reynolds v. State, 585 So.2d 753, 755 (Miss. 1991); Marks v. State, 532 So.2d 976, 982 (Miss. 1988); Cabello v. State, 490 So.2d 852, 857 (Miss. 1986).
Also, this Court has consistently held that where improper comments or questions are asked in the presence of the jury, and an objection is made and sustained by the circuit court, followed by a court admonition to the jury not to consider the improper statement, this ordinarily will suffice. Davis v. State, 530 So.2d 694, 697 (Miss. 1988) (citing Forrest v. State, 352 So.2d 1328 (Miss. 1977); Herron v. State, 287 So.2d 759 (Miss. 1974); Myrick v. State, 290 So.2d 259 (Miss. 1974)).
It is only when the comment or question is so blatantly and clearly prejudicial, and where the instruction of the court would not ordinarily remove it from the minds of the jury, that we reverse. Reynolds v. State, 585 So.2d 753, 755 (Miss. 1991); Roundtree v. State, 568 So.2d 1173, 1177-1178 (Miss. 1990); Bradley v. State, 562 So.2d 1276, 1282 (Miss. 1990); Smith v. State, 530 So.2d 155, 161 (Miss. 1988); Barlow v. State, 233 So.2d 829, 832 (Miss. 1970).
In this case, Dismuke did not answer the improper question, the court promptly sustained the objection, and the error in asking the question was cured by the prompt action by the court.
CONVICTION OF MANSLAUGHTER AND SENTENCE OF EIGHTEEN YEARS AFFIRMED.
*1049 DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
NOTES
[1] M.R.E. 404(b) states:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident.
[2] If the federal indictment was for wrongdoing in the sheriff's department for which Dismuke either resigned or was discharged, it may very well have been competent, relevant evidence under M.R.E. 616.