# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00152 COA

SIMEON HUGHES

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-


TRIAL JUDGE: HON. ROBERT W. BAILEY

COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

ROGERS J. DRUHET, III

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JEFFREY A. KLINGFUSS

DISTRICT ATTORNEY: BILBO MITCHELL

NATURE OF THE CASE: CRIMINAL - ROBBERY BY USE OF A DEADLY WEAPON

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED AS A HABITUAL

OFFENDER TO SERVE A TERM OF 34 YEARS IN THE CUSTODY OF THE MDOC AND ORDERED TO PAY COURT COSTS OF $184.50.

BEFORE THOMAS, P.J., BARBER, AND MCMILLIN, JJ.

PER CURIAM:

Simeon Hughes was indicted and convicted of armed robbery. He was sentenced as a habitual offender to serve a term of thirty-four years in prison and ordered to pay court costs of $184.50. On appeal, Hughes does not raise any specific issue before this Court. Hughes states that he can find no specific instance of reversible error in this cause. Instead, he asks that we review the transcript for legal sufficiency or any other substantial error committed during the course of the trial. Hughes cites no authority nor makes any argument that the evidence is insufficient. Because Hughes fails to show error on the part of the trial court, we affirm his conviction.

It is well established that a judgment from a trial court comes before this Court cloaked in a presumption of correctness, and that it is the duty of the appellant to overcome that presumption by demonstrating some reversible error. *Edlin v. State*, 533 So. 2d 403, 409-10 (Miss. 1988); *accord Nicolaou v. State*, 612 So. 2d 1080, 1084 (Miss. 1992) (appellant's duty to demonstrate some reversible error); *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977) ("There is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court.") That duty entails the making of a rational argument supported by the citation of authority in support of a challenge to a trial court's ruling. *See Lambert v. State*, 518 So. 2d 621, 625 (Miss. 1987) (Appellant has the duty to show by plausible argument with supporting authorities, in what way the lower court erred).

This Court will not assume the burden of briefing any issue which the Appellant, aided by counsel, cannot find or claim as error. The brief filed on behalf of Hughes contains neither argument nor supporting authorities. Accordingly, Hughes cannot overcome the presumption of correctness accorded to the trial court's judgment. Therefore, the verdict and the sentence are affirmed.

**THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY-FOUR (34) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**