IN THE COURT OF APPEALS

8/12/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-01264 COA

WILLIAM TRIPLETT A/K/A WILLIAM JAMES

TRIPPLETT, A/K/A WILLIE TRIPPLETT APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. BETTY W. SANDERS

COURT FROM WHICH APPEALED: SUNFLOWER COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: DONNA J. HODGES

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: W. GLEN WATTS

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: POSSESSION WITH INTENT TO TRANSFER COCAINE

TRIAL COURT DISPOSITION: POSSESSION OF COCAINE W/I: SENTENCED TO 10 YRS; ORDERED TO PAY $1,000.00 FINE

MOTION FOR REHEARING FILED: 8/20/97

CERTIORARI FILED: 10/16/97

MANDATE ISSUED: 12/30/97

BEFORE THOMAS, P.J., HERRING, AND SOUTHWICK, JJ.

THOMAS, P.J., FOR THE COURT:

Willie Triplett appeals his conviction of possession of cocaine with the intent to transfer, raising the following issues as error:

**I. WHETHER THE LOWER COURT ERRED IN FAILING TO REQUIRE THE STATE TO IDENTIFY THE CONFIDENTIAL INFORMANT.**

**II. WHETHER THE LOWER COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL.**

**III. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

As the standard for a new trial motion is whether the evidence was against the overwhelming weight of the evidence, we will combine Triplett's second and third issues. Finding no error, we affirm.FACTS

On September 23, 1994, Officer Dale Jones of the Indianola Police Department received some information that drugs were being sold at 509 Porter Street, Indianola, Sunflower County, Mississippi. Officer Jones set up a surveillance of the premises. He used binoculars to observe numerous cars driving in front of the residence then stopping and exchanging money for what appeared to be crack cocaine.

Jones testified that he had a confidential informant working with him. The informant was wired for sound with a hidden body microphone. The informant approached William Triplett to purchase some drugs. Over the body microphone, Officer Jones heard the informant ask for some drugs. During trial when Officer Jones mentioned what was said by the informant, the defense made an objection to

hearsay. The circuit court sustained the objection. Officer Jones then testified only to what Triplett and Holmes, his companion, said. Jones testified that they told the informant that "We got it, but we're not going to sell to you." Jones stated that while watching through his binoculars, Triplett took what looked like crack cocaine out of his pocket and showed it to the informant.

Officer Jones went to Judge Buchanan and with the above mentioned information obtained a search warrant. After receiving the warrant, Officer Jones with Officer Fernando Harris and several officers went to serve the search warrant. When Triplett saw the officers approaching, he started running. While running, Triplett threw a napkin on the ground. Jones testified that Officer Harris, who was pursuing Triplett, retrieved the napkin.

The napkin with three crack cocaine pieces was identified by Jones as being what Officer Harris gave him after picking it up off the ground at 509 Porter Street.

Officer Fernando Harris was next to testify for the State. Harris testified that on September 23, 1994, he and Officer Jones had surveyed the home of 509 Porter Street and observed several vehicles pull up and hand money to Mr. Holmes, Triplett's co-defendant below. Later he and Officer Jones sent a confidential informant to 509 Porter Street to attempt to purchase a controlled substance, and when the buy did not happen, he and Officer Jones went to Judge Buchanan to get a search warrant. After obtaining the search warrant, Officer Harris, along with other officers, went to serve the warrant. Upon approaching the premises, Triplett ran away. While running, he threw a napkin down. Harris picked it up and found what looked like crack cocaine.

William Triplett testified in his own behalf. He stated that on September 23, 1994, he and several friends were over at Stanley Holmes's house playing basketball and cleaning up cars. Triplett stated that when he saw the police coming to the house he ran because he had approximately $350.00 worth of unpaid parking tickets. He testified that he did not throw anything on the ground and that he did not sell any cocaine, nor did he use cocaine.

The jury returned a verdict of guilty of possession with the intent to deliver.

ANALYSIS

I.

**WHETHER THE LOWER COURT ERRED IN FAILING TO REQUIRE THE STATE TO IDENTIFY THE CONFIDENTIAL INFORMANT.**

During the trial, testimony was heard about a confidential informant who approached Triplett and asked to purchase cocaine. Triplett sought the identity of this confidential informant prior to and during the trial. The State refused to identify the informant, and the lower court did not compel the release of this information. Triplett argues that because the confidential informant did more than provide information to the police, but actually took part in the police activity and had exculpatory information, the State was compelled to identify the informant. Triplett complains that the refusal to do so, and the lower court's failure to compel such identification, was in contravention of Mississippi case law and rules of procedure.

Triplett cites Mississippi Uniform Circuit and County Court Rule 9.04, Discovery, which provides in

pertinent part:

A. Subject to the exceptions of subsection "B", below, the prosecution must disclose to each defendant or to defendant's attorney, and permit the defendant or defendant's attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:

. . . .

6. Any exculpatory material concerning the defendant.

B. The court may limit or deny disclosure authorized by subsection "A" if it finds that there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment, resulting from such disclosure, which outweighs any usefulness of the disclosure to the defense attorneys.

The following is not subject to disclosure:

. . . .

2. *Informants*. Disclosure of an informant's identity shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose his/her identity will infringe the constitutional rights of the accused or unless the informant was or depicts himself/herself as an eyewitness to the event or events constituting the charge against the defendant.

URCCC 9.04 (A)(6), (B)(2).

Triplett argues that Rule 9.04(B)(2) above compelled the State to identify the informant because the informant took part in the police activity and since the evidence produced indicated the defendant refused to sell cocaine to the informant after being asked to do so, thus the confidential informant held evidence that was exculpatory under Rule 9.04(A)(6).

The State argues that the informant was not a necessary witness since the informant was not a witness to the factual scenario constituting the basis of the charge against Triplett. Officer Jones and Harris both testified to observing what they took to be drug trafficking occurring in front of 509 Porter Street. Officer Jones testified to seeing both money and cocaine being exchanged with the aid of binoculars. Both Officers Harris and Jones testified to seeing Triplett throw down a napkin with crack cocaine wrapped inside. Both Harris and Jones were present with a search warrant when Triplett ran away, throwing the cocaine to the ground.

In *Esparanza v. State*, 595 So. 2d 418, 424 (Miss. 1992), the Mississippi Supreme Court stated that:

The state need not disclose an informant's identity unless the informant will be a witness at trial or was an eyewitness to the offense, or if failure to disclose would violate a constitutional right of the defendant. . . .

In this case, the confidential informant did not witness the offense charged and did not serve as a witness in the proceeding. The informant merely provided data that established probable case to support a search warrant. Under Mississippi law, that degree of connection with the crime charged constitutes too tenuous a link to justify disclosing the informant.

*Id.* (citations omitted).

Generally, the State may not be compelled to divulge the name of a confidential informant; however, this privilege will give way to the rights of the accused where the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused. The disclosure of the identity of one who is merely an informer and not a participant nor a material witness is not generally required. *See Esparanza*, 595 So. 2d at 424; *Bradley v. State*, 562 So. 2d 1276, 1279 (Miss. 1990); *Rose v. State*, 556 So. 2d 728, 733 (Miss. 1990); *Read v. State*, 430 So. 2d 832, 836 (Miss. 1983).

In Triplett's circumstances the informant was a mere "tipster" who only had peripheral knowledge of the crime and was not an active participant in the criminal act and/or a material witness on the issue of guilt or innocence. The record shows the informant was not an active participant in the criminal transaction and clearly had no part in setting it up. She asked for, but did not receive, the drugs and took no part in the issuance of the search warrant, which lead to the charges against Triplett. Also, Triplett argues that since the confidential informant asked for but was not sold drugs this information was relevant and exculpatory. This may be so; however, this information was before the jury. Officer Jones, during his testimony, let the jury know that the confidential informant asked for the drugs but was not sold any. Triplett has not let this Court know what other exculpatory information the confidential informant could have brought forth, and this Court is not about to speculate.

Based on this record, we cannot say that the trial court erroneously exercised its discretion. The testimony provided by Officers Jones and Harris does not suggest that the confidential informant had any knowledge which would be necessary for Triplett to receive a fair trial.**II.**

## WHETHER THE LOWER COURT ERRED IN DENYING THE MOTION

## FOR A NEW TRIAL.

## III.

## WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

Triplett states that he was indicted for possession with intent to distribute, not for any actual distribution of cocaine. He argues that proof of possession with intent to distribute should not be based solely on surmise or suspicion. *Stringfield v. State*, 588 So. 2d 438, 440 (Miss. 1991). Triplett states that intent to deliver drugs can be proven in two ways. First, when the defendant possesses

drugs, the quantity and nature of which exceeds personal use, intent can be proven. *Murray v. State*, 642 So. 2d 921, 923 (Miss. 1994); *Esparaza*, 595 So. 2d at 427. Triplett argues that, if the testimony of the officers is to be believed, he possessed only three rocks of cocaine.

Triplett contends that the only evidence which tied him to any distribution of cocaine is the testimony of Officer Jones. Officer Jones testified that while on surveillance he could see rocks of cocaine being passed to persons in vehicles. However, Officer Jones could not identify any of these vehicles, nor could he identify how much money was being passed. Also, he testified that the vehicles came to the front of the house. Triplett argues that this would have placed the vehicles between Officer Jones and himself, thus, there is no way he could have possibly seen cocaine rocks from his vantage point.

A motion for a new trial challenges the weight of the evidence rather than its sufficiency. *Butler v. State*, 544 So. 2d 816, 819 (Miss. 1989). New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. *Jones v. State*, 635 So. 2d 884, 887 (Miss. 1994); *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). On review, we accept as true all evidence favorable to the State, and the State is given the benefit of all reasonable inferences that may reasonably be drawn from the evidence. *Id.*; *Griffin v. State*, 607 So. 2d 1197, 1201 (Miss. 1992). The Court will reverse such a ruling only for an abuse of discretion. *McClain*, 625 So. 2d at 781.

Both Officers Jones and Harris testified to seeing Triplett involved in cocaine trafficking in front of 509 Porter Street. Jones testified to actually seeing money and cocaine exchanging hands with the help of a pair of binoculars. Officer Jones also testified to seeing Triplett showing cocaine to the informant. While Jones did not testify about a sale of cocaine that was consummated between Triplett and the informant or any other particular person, he did testify to seeing Triplett show cocaine to the informant as well as pass cocaine into cars in exchange for money more than once.

With testimony such as this, the jury obviously resolved the fact questions in favor of the State. In light of the fact that the jurors were in the best position to judge the demeanor and credibility of the witnesses and defendant firsthand, and an appellate court is allowed only the cold record, this Court is not able to determine that "reasonable and fair-minded jurors" could not have found Triplett guilty without evidence to the contrary. The trial judge was not in error when he denied Triplett's motion for new trial.

**THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF POSSESSION OF COCAINE WITH THE INTENT TO TRANSFER AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**